Mr. Justice Groves
delivered the opinion of the Court.
This is an original proceeding under Colo. Const, art. VI, § 3. On application of the petitioners for a writ of mandamus, we issued a rule to show cause, to which the respondent has answered and filed a brief.
John A. Verhoeff, Sr., died on March 12, 1969, leaving two purported last wills and testaments, each with codicils thereto. One of these, which with the codicil thereto will be referred to as the first will, was dated in 1964. The other, which with the codicil thereto will be *165 referred to as the second will, was dated in 1968. There are three sets of contending parties: (1) The proponent of the first will; (2) the proponents of the second will; and (3) the petitioners, alleging themselves to be other heirs of the decedent, who seek a declaration of the intestacy of the decedent.
On March 18, 1969, the proponent of the first will lodged it in court and requested that it be admitted to probate. Subsequently, the proponents of the second will lodged it, prayed its admission to probate and filed a caveat objecting to the first will. The court ordered the petitions for the admission of the wills and codicils to probate to be heard on the same day, and the hearing date was continued until July 1,1969, at 10:00 o’clock a.m. There was timely service upon the petitioners of the citation to attend the hearings.
In Burlington, the county seat, at or a few minutes after 10:00 a.m. on July 1st, the proponents of the second will requested that the hearing thereon commence. At this time the deputy clerk informed the court that counsel for the proponent of the first will had telephoned from the airport at Burlington, advising that he had just landed at the airport and would be in court as soon as he could arrange transportation. Counsel for the proponents of the second will insisted that the court proceed, and the court did. After hearing two witnesses to the second will, the court signed an order admitting the second will to probate.
Immediately thereafter counsel for the proponent of the first will arrived in court and tendered for filing a caveat objecting to the admission of the second will. The court took the matter under advisement.
On July 15, 1969, after considering briefs which were filed by the proponents of the two wills and codicils, the court entered an order in which it stated that perhaps it should have awaited the arrival of counsel for the proponents of the first will before commencing the proceedings. The order then recited that it was not necessary *166 to make a determination in this respect nor to decide whether the caveat of the proponent of the first will was timely filed. The reason for this, according to the court, was that the Colorado Rule for Probate Procedure 439 provided that caveats will always be set for trial to a jury unless all parties waive their rights thereto. The order contained a further finding that because of this rule it was error to have a hearing without a jury. The order ends with the following:
“WHEREFORE, it is the opinion of this Court that the Order of July 1,1969, admitting the SECOND WILL AND CODICIL to probate, should not have been entered in the absence of such waiver of a trial by jury, and that a date should be set to hear the entire matter, including the questions raised by the caveat to the FIRST WILL AND CODICIL as well as the questions raised by the caveat to the SECOND WILL AND CODICIL.
“IT IS THEREFORE ORDERED that such a hearing shall be held and that the Order admitting the SECOND WILL AND CODICIL is stayed pending the result of such hearing.”
The court has not set a date for the hearing on the petitions to admit the wills and codicils to probate and the issues formed by the caveat.
On February 2, 1970, the petitioners filed a caveat containing two claims. The “first claim” contains objections to the first will, and the “second claim” has objections to the second will. The proponents of the respective wills moved to dismiss the respective claims in the caveat. The court denied the motion to dismiss the “first claim” and ordered the “second claim” dismissed for the reason that the objections of the petitioners to the second will were not timely filed.
The governing statute in this matter provides as follows:
“On or before the day set for the hearing of the probate of such will, or the day to which such hearing may be continued, any person served with citation, as provided *167 by law, or appearing at such probate, desiring to contest said will, or object to the validity or legality of all or any. portion of the contents thereof, shall file in the court a caveat or objections, in writing.. . .” 1965 Perm. Supp., C.R.S. 1963, 153-5-33(1). '
When a caveat has been timely filed, the court “shall set a new day for the hearing of the objections and the probate of the purported will or wills of the decedent.” C.R.S. 1963, 153-5-22.
A portion of the court’s order of July 15, 1969, is illogical. The court found that it was not necessary to determine whether he should have waited for the arrival of counsel (for the proponent of the first will) before conducting the hearing on the second will nor the question as to whether the caveat tendered by this counsel upon his arrival was timely filed. The court concluded that these determinations were not necessary because of our probate rule requiring a jury trial of issues raised by a caveat unless all parties waive their rights thereto. The court concluded, therefore, that it had erred in proceeding without a jury. This reasoning places the cart in front of the horse. If the caveat to the second will was not timely filed, there was no requirement of a jury trial on the admission of the second will.
We could remand this matter with the direction to determine, first, whether the court should have awaited the arrival of counsel before proceeding; and, second, if it is determined that there was no necessity to await the arrival of counsel, whether a caveat is timely filed if presented on the day of the hearing but following the admission of the will to probate earlier that day. We think, however, that this matter should not be handled in such a circuitous manner.
One portion of the order shows that the judge was irritated with the arrival of counsel a few minutes late and with the failure of counsel to file the caveat sometime during the three months which had expired since service of the citation to attend the hearing. The order *168 contains a statement that the court could not commend the arrival in “view of the fact that the undersigned judge and his Reporter travelled 143 miles on the morning of the hearing, arriving in downtown Burlington at 9:15 A.M. and the distance from Denver to Burlington is only-twenty miles greater . . ..”
 The hearing was set for 10:00 o’clock a.m. The court was bound to know that the attorney was representing the proponent of the first will and would be contesting the admission to probate of the second will. While we sympathize with the judge’s irritation, we rule that the failure of the court to wait a few minutes longer for the arrival of counsel was arbitrary. It follows that the court was correct in that part of its order of July 15, 1969, which stated that the order admitting the second will to probate should not have been entered “and that a date should be set to hear the entire matter....” It follows that the caveat of the proponent of the first will was filed on time since the proceedings a few minutes before the presentation of the caveat were a nullity. It was the duty of the court under C.R.S. 1963, 153-5-22-(2) (c) to set a new day for hearing of the objections and the probate of the purported will. This duty is still upon the court. Until that new hearing day arrives, caveats addressed to the second will may be filed. The objections to the second will made by the petitioners, therefore, were timely filed; they were erroneously dismissed; and they should be reinstated.
The respondent argues: that the hearing on the admission of the second will to probate was held; that the order admitting the second will to probate was merely stayed and not set aside; that, therefore, the time for filing caveats addressed to the second will expired on July 1, 1969; and that the petitioners’ caveat filed on February 2, 1970 was too late. The fallacy in the argument is that the court could not stay the order admitting the second will to probate pending the hearing on the caveat of the proponent of the first will. In the paragraph pre *169 ceding the purported stay order, the order recited that a date should be set to hear “the entire matter.” This is not a case in which, if later the objections to the will were not sustained, the order admitting the will would again come into effect. The statute requires that at the future day there be a hearing of both the petition for the admission to probate of the will and the objection thereto. The attempt to stay the order admitting the will and to retain the hearing date of July 1, 1969, was and is a nullity.
The respondent stresses the tardiness of the petitioners — their “untimeliness” and their action “contrary to thé spirit of prompt and speedy administration of decedent’s estate” — in waiting seven months “after the hearing” to file their caveat. We do not disagree with the comments. There is a corollary, however: there was a statutory duty upon the respondent to set a new day for hearing. The lack of timeliness with respect to the latter legally excuses the tardiness of the petitioner.
The rule is made absolute and the trial court directed to reinstate for hearing the objections of the petitioners to the second will and to proceed in a manner consonant with the views expressed in this opinion.